## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-00017-JB |
| | ) | |
| ZACHARY WOOD | ) | |

### PLEA AGREEMENT

The defendant, **ZACHARY WOOD**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.      The defendant understands his rights as follows:

      a.      To be represented by an attorney;

      b.      To plead not guilty;

      c.      To have a trial by an impartial jury;

      d.      To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

      e.      To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.      The defendant waives rights b through e, listed above, and pleads guilty to Count Two of the Indictment, charging a violation of Title 18, United States Code, Section 2252A(a)(2), Receipt of Child Pornography.

Rev. 8/13

2

3.    The defendant understands that the statements he makes under oath in the plea of

guilty must be completely truthful and that he can be prosecuted for making false

statements or perjury, or receive a perjury enhancement at sentencing, for any

false statements he makes intentionally in this plea of guilty.

4.    The defendant expects the Court to rely upon his statements here and his response

to any questions that he may be asked during the guilty plea hearing.

5.    The defendant is not under the influence of alcohol, drugs, or narcotics.  He is

certain that he is in full possession of his senses and is mentally competent to

understand this Plea Agreement and the guilty plea hearing which will follow.

6.    The defendant has had the benefit of legal counsel in negotiating this Plea

Agreement.  He has discussed the facts of the case with his attorney, and his

attorney has explained to the defendant the essential legal elements of the criminal

charge which has been brought against him.  The defendant's attorney has also

explained to the defendant his understanding of the United States' evidence and

the law as it relates to the facts of his offenses.

7.    The defendant understands that the United States has the burden of proving each

of the legal elements of the criminal charge beyond a reasonable doubt.  The

defendant and his counsel have discussed possible defenses to the charges.  The

defendant believes that his attorney has represented him faithfully, skillfully, and

diligently, and he is completely satisfied with the legal advice of his attorney.

8.    Defendant recognizes that pleading guilty may have consequences with respect to

immigration status if he is not a citizen of the United States.  Under federal law, a

3

broad range of crimes are removable offenses, including the offense(s) to which

he is pleading guilty.  Removal and other immigration consequences are the

subject of a separate proceeding, however, and the defendant understands that no

one, including his attorney or the district court, can predict to a certainty the effect

of his conviction on his immigration status.  Defendant nevertheless affirms that

he wants to plead guilty regardless of any immigration consequences that his plea

may entail, even if the consequence is his automatic removal from the United

States.

9.      A separate document, entitled Factual Resume, will be submitted to the Court as

evidence at the guilty plea hearing.  The Factual Resume is incorporated by

reference into this Plea Agreement.  The defendant and the United States agree

that the Factual Resume is true and correct.  Alterations to the Plea Agreement or

Factual Resume initialed only by the defendant and his counsel are not part of this

agreement and are not agreed to by the United States.

10.     This plea of guilty is freely and voluntarily made and is not the result of force,

threats, promises, or representations, apart from those representations set forth in

this Plea Agreement.  There have been no promises from anyone as to the

particular sentence that the Court will impose.  The defendant is pleading guilty

because he is guilty.

11.     The defendant also knowingly and voluntarily waives all rights, whether asserted

directly or through a representative, to receive from the United States after

sentencing any further records, reports, or documents pertaining to the

4

investigation or prosecution of this matter. This waiver includes, but is not

limited to, rights under the Freedom of Information Act and the Privacy Act of

1974.

12.    The defendant knowingly and voluntarily waives any rights and defenses

defendant may have under the Excessive Fines Clause of the Eighth Amendment

to the United States Constitution to the forfeiture of property in this proceeding or

any related civil proceeding, special or other assessment, and any order of

restitution.

## **PENALTY**

13.    The maximum penalty the Court could impose as to Count Two of the Indictment

is:

a.    20 years imprisonment with a 5 year minimum mandatory term of

imprisonment;

b.    A fine not to exceed $250,000;

c.    A term of supervised release of five (5) years to LIFE, which would

follow any term of imprisonment. If the defendant violates the conditions

of supervised release, he could be imprisoned for the entire term of

supervised release;

d.    A mandatory special assessment of $100.00;

e.    An assessment of $5,000.00 per count under 18 U.S.C. § 3014;

5

f.      Mandatory restitution under 18 U.S.C. §2259 that, for any conviction of an offense described in paragraphs (e)(1) or (2), is not less than $3,000.00 per victim; and

g.      Such restitution as may be ordered by the Court.

## SENTENCING

14.     The Court will impose the sentence in this case.  The United States Sentencing Guidelines are advisory and do not bind the Court.  The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation.  The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines.  The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

15.     The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely at the discretion of the Court.

6

16.   The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation.  Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

17.   Both the defendant and the United States are free to allocute fully at the time of sentencing.  The defendant understands that the United States intends to introduce some of the aggravating circumstances of this offense.

**SEX OFFENDER REGISTRATION**

18.   The defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 <u>et seq.</u>, he is a sex offender as that term is defined in the Act.  The defendant further understands, acknowledges, and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student.  I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status.  I also understand that if I possess a passport, it will be marked with a unique identifier identifying me as a convicted sex

7

offender. I understand that if I seek to travel outside the United States, I must

notify my residence jurisdiction of my travel at least 21 days prior to that travel. I

have been advised, and understand, that failure to comply with these obligations

subjects me to prosecution for failure to register under federal law, 18 U.S.C.

§2250, which is punishable by fine or imprisonment, or both. The defendant

further agrees that for initial registration purposes only, the defendant is required

to also register in the jurisdiction in which the defendant is convicted if such

jurisdiction is different from the jurisdiction of residence.

**SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE**

19.    The defendant agrees to tender $5100.00 to the U.S. District Court Clerk in

satisfaction of the mandatory special assessment in this case. The United States

reserves the right to withdraw any favorable recommendations it may agree to

within this document if the defendant fails to pay the special assessment prior to

or at the time of his sentencing.

20.    The parties agree that the United States reserves the right to recommend a fine.

21.    Defendant agrees that if any restitution is ordered by the Court under 18 U.S.C.

§2259, the amount of restitution ordered by the Court shall include defendant's

total offense conduct. Defendant agrees and understands that any payment

schedule imposed by the Court is without prejudice to the United States to take all

actions and take all remedies available to it to collect the full amount of the

restitution. Defendant agrees that the restitution, restitution judgment, payment

provisions, and collection actions of this plea agreement are intended to, and will,

8

survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement. The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full. The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.

## **FORFEITURE**

23.   The defendant agrees to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities as determined by the Court at sentencing.

9
## FINANCIAL OBLIGATIONS

24.     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit
report in order to evaluate the defendant's ability to satisfy any financial
obligation imposed by the Court. In order to facilitate the collection of financial
obligations to be imposed in connection with this prosecution, the defendant
agrees to disclose fully all assets in which the defendant has any interest or over
which the defendant exercises control, directly or indirectly, including those held
by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

25.     The United States will not bring any additional charges against the defendant
related to the facts underlying the Indictment and will not pursue additional
charges against the defendant in connection with this matter. This agreement is
limited to the United States Attorney's Office for the Southern District of
Alabama and does not bind any other federal, state, or local prosecuting
authorities.

26.     The United States will recommend to the Court that the defendant be sentenced
within the advisory sentencing guideline range as determined by the Court subject
to the minimum mandatory sentence, and will move to dismiss any remaining
counts of the indictment.

10
## LIMITED WAIVER OF RIGHT TO APPEAL AND
## WAIVER OF COLLATERAL ATTACK

28.     As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, including any assessment, forfeiture, or restitution order. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

        a.     **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

        (1)     any sentence imposed in excess of the statutory maximum;

        (2)     any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

29.     If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

30.     The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

Rev. 8/13

11

31.　If the defendant receives a sentence within or below the advisory guideline range, subject to the minimum mandatory sentence, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

32.　The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

33.　In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

34.　This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,
RICHARD W. MOORE
UNITED STATES ATTORNEY

Rev. 8/13

12

Date: January 5, 2021

__/s/ Kacey Chappelear_____
Kacey Chappelear
Assistant United States Attorney


Date: January 5, 2021

__/s/ George Martin_____
George Martin
Assistant United States Attorney
Deputy Chief, Criminal Division


I have consulted with my counsel and fully understand all my rights with respect to the offenses charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.


Date: 1/26/21

*Zachary Wood*
**ZACHARY WOOD**
Defendant


I am the attorney for the defendant. I have fully explained his rights to him with respect to the offenses charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

13

Date: 1/26/21

CHRISTOPHER SALTER
Attorney for Defendant

Rev. 8/13

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 20-00017-JB** |
| | ) | |
| **ZACHARY WOOD** | ) | |

## FACTUAL RESUME

The defendant, **ZACHARY WOOD,** admits the allegations of Count **Two** of the

Indictment.

## ELEMENTS OF THE OFFENSE

**ZACHARY WOOD** understands that in order to prove a violation of Title 18, United

States Code, Section 2252A(a)(2), as charged in Count Two of the Indictment, the United States

must prove:

| | |
|---|---|
| First: | the Defendant knowingly received an item or items of child pornography; |
| Second: | such child pornography involved a prepubescent minor; |
| Third: | the item(s) of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer; and |
| Fourth: | when the defendant received the item(s), the defendant believed the items contained child pornography. |

## OFFENSE CONDUCT

Defendant, **ZACHARY WOOD**, admits in open court and under oath that the following

statement is true and correct and constitutes evidence in this case.  This statement of facts is

Rev. 8/13

2

provided solely to assist the Court in determining whether a factual basis exists for **ZACHARY WOOD's** plea of guilty. The statement of facts does not contain each and every fact known to **ZACHARY WOOD** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

On March 28, 2018, the Alabama State Bureau of Investigation received a cybertip from NCMEC involving the reported uploading to Google Drive of 8 files on February 1, 2018, some of which were reported to contain a visual depiction of children engaged in sex acts. Google had reported this activity to NCMEC on March 6, 2018, and provided specific information related to the IP address and email address associated with the account and the uploads. The Google account name was "Reiley Holdings" with an email address of reiley.holdings2@gmail.com. The files were uploaded to a Google Drive account associated with that email address. Google reported that the Google account was last accessed on February 15, 2018, from a known IP address, which was provided.

On May 3, 2018, Agent Thompson with ALEA reviewed the files supplied by Google and confirmed that some did appear to contain a visual depiction of children engaged in sex acts. Agent Thompson issued a subpoena to CenturyLink to obtain the subscriber information associated with the IP address. CenturyLink identified their customer as R.W. and the service address as 4353 Plash Road, Gulf Shores, Alabama.

On May 8, 2018, agents executed a search warrant at 4353 Plash Road, Gulf Shores, Alabama. WOOD is a resident at that address.

Agent Thompson interviewed Zachary WOOD. WOOD stated he had created the Gmail accounts used to upload the images. WOOD described the images as "bad ones." WOOD was

Rev. 8/13

3

asked what he meant by "bad ones" and agreed that they contained child pornography.  WOOD

stated that he knew it was wrong.  WOOD stated that he received the images from someone

through his KIK account.  WOOD stated that he initially began viewing adult pornography and

then moved on to child pornography.  WOOD said that his email address was

zaniwood@gmail.com.  He was also asked about the Reiley Holdings account and confirmed

that it was his.  He did not provide other specific email addresses but said he had "a bunch."

During the search of the residence, forensic examiners using forensic triage software

were able to identify hundreds of images and videos on WOOD's cell phone.

Agents submitted a search warrant to Google for the information and data contained in

WOOD's Gmail accounts.  Agent Thompson reviewed the results provided by Google and

verified that there were several hundred images and videos containing child exploitation

material.

The devices seized during the search warrant were examined by Forensic Examiner

Ricky Brown with HSI.  The results were as follows:

| | | Images |
|---|---|---|
| A1 | HP Elite X2 Tablet Computer | 1 video of child sexual abuse.  Located in Partition 3: Widows/Users/zaniw/Downloads/Telegram Desktop |
| H1 | iPhone 6 Model A1522 | 2541 binary unique images of CSAM.  2312 are visually unique. 8429 child erotica images/age difficult |
| H9 | iPad Mini Model A1432 | 77 binary unique images and 40 videos of CSAM. 603 child erotica/age difficult |
| H8 | Western Digital Passport 1TB External Hard Drive | 14 binary unique images and 221 videos 1139 child erotica/age difficult |

Rev. 8/13

4

Forensic Examiner Brown was also able to download WOOD's KIK messages from his iPad.  In the KIK messages, WOOD sends a sexually explicit photo of a prepubescent child on May 7, 2017.  There are also 63 images of sexually explicit photos of children in the "KIK attachments" folder.  Per FA Brown, the only way for photos to get in this folder is if they were either sent or received by WOOD. The messages for these associated images no longer exist, but Brown can establish that many of the images first appeared on the device in April 2017, meaning that WOOD must have received them in that time frame.

FA Brown also located numerous images involving human mutilation, including images of dismembered females posed for pictures and images of necrophilia with mutilated corpses. There were multiple series of files that focus on the mutilation of a single victim. There were multiple instances of naked females that are impaled and roasting on a spit.  WOOD also had authored a note on his phone where he expressed hatred and disdain for women, that he believes they should only be used as sexual objects for men, and that they should be killed once they reach age 60.

MITCHELL admits that the United States can prove that he knowingly received images of child pornography.

AGREED TO AND SIGNED.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

Date:  ___January 5, 2021_____          _/s/ Kacey Chappelear_____
                                          Kacey Chappelear
                                          Assistant United States Attorney

Rev. 8/13

5

Date: __January 5, 2021_____          __/s/ George Martin _____
                                        George Martin
                                        Assistant United States Attorney
                                        Deputy Chief, Criminal Division


Date: __1/26/21_____               *Zachary Wood*
                                        **ZACHARY WOOD**


Date: __1/26/21_____               *[signature]*
                                        CHRISTOPHER SALTER
                                        Attorney for Defendant

Rev. 8/13